

KING, TILDEN, McETTRICK & BRINK, P.C.
Attorneys at Law

**Michael W. Whitcher**
Shareholder
Admitted in Massachusetts, Michigan, and New York
mwhitcher@ktmpc.com

350 Granite Street, Suite 2204, Braintree, MA 02184
**TEL** 617.770.2214  **FAX** 617.774.1714

February 14, 2024

**VIA E-FILING ONLY**
Chief Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Allstate Insurance Company, et al. v. Pierre, et al.*,
       No.: 1:23-cv-06572-NRM-LB (E.D.N.Y.)

Dear Magistrate Judge Bloom:

Our firm represents Plaintiffs Allstate Insurance Company and its affiliates ("Allstate") in this action. Allstate seeks to clarify the status of the parties' initial conference in light of outgoing counsel's motion to withdraw as attorneys for Defendants Bradley Pierre ("Pierre") and Medical Reimbursement Consultants Inc. ("MRC") (collectively, "Pierre Defendants") (ECF No. 52) because the Court's February 12, 2024 order does not address modification of the existing initial conference scheduling order, which set an in-person conference for February 29, 2024.

Allstate does not believe that a further delay of the initial conference is warranted. This action has been pending for more than 5 months, and over 60 days have passed since Pierre entered a guilty plea in his criminal case. And, even though the final related criminal action was resolved nearly 30 days ago, the parties still cannot start discovery because the Pierre Defendants wanted to postpone the Rule 26(f) meeting until after the initial conference was scheduled. Now that the Court has set a conference date, the Pierre Defendants are trying to extend the delay even longer by postponing the initial conference. This is not fair to Allstate, especially because the Pierre Defendants filed their motion to withdraw—which included a postponement request, *see* ECF No. 52-1, ¶ 16—without conferring with the parties on the issue. While Allstate does not oppose the motion to withdraw, it would have objected to the total postponement of the initial conference, if asked.

Pierre should be ordered to personally appear on February 29 so the parties can address relevant pretrial issues, such as the Pierre Defendants' plan for prosecuting their crossclaims (ECF No. 36) and MRC's plan to join or oppose Allstate's forthcoming motion for default judgment. Where outgoing counsel's motion arises from "irreconcilable differences" with the clients, it is fair to explore whether and to what extent the substitution will materially affect the Pierre Defendants' existing responsive pleadings, or MRC's anticipated opposition to Allstate's forthcoming motions. Proceeding with a conference on February 29 may also help the parties better prepare for any potential

Chief Magistrate Judge Lois Bloom
February 14, 2024
Page 2

discovery issues or other legal issues observed by outgoing counsel while preparing the Pierre Defendants' defense of this action and/or their Rule 26(a) initial disclosures.

                                              Respectfully submitted,

                                              */s/ Michael W. Whitcher*

                                              Michael W. Whitcher

cc: Counsel of record (via ECF only)